**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS JUSTIN CUELLAR, | ) Case No.: 1:20-cv-00960-SAB (PC) |
| Plaintiff, | ) |
| | ) |
| v. | ) SCREENING ORDER GRANTING PLAINTIFF |
| | ) LEAVE TO FILE AN AMENDED COMPLAINT |
| | ) OR NOTIFY THE COURT OF INTENT TO |
| MADERA COUNTY DEPARTMENT OF | ) PROCEED ON CLAIM FOUND TO BE |
| CORRECTIONS HEALTH CARE | ) COGNIZABLE |
| PROVIDER, | ) |
| | ) [ECF No. 1] |
| Defendant. | ) |
| | ) |

Plaintiff Travis Justin Cuellar is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed on July 10, 2020.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff appears to be a pretrial detainee and challenges the conditions of his confinement while housed at the Madera County Department of Corrections. In the caption of the complaint, Plaintiff names the Madera County Department of Corrections Health Care Provider, as the sole Defendant.

Plaintiff has suffered from a broken neck, resulting in C-spine surgery, bone replacement, and nerve ligament fusion in 2015 from a vehicle accident.

Defendants have Plaintiff's medical records in his inmate file, and are well aware of Plaintiff's medical history. Further, the Fresno Regional Community Hospital provided a document in 2016 to Defendant addressing the necessity of medical treatment if Plaintiff was to ever injure his C-spine.

Plaintiff was hospitalized in 2016 for injuring his C-spine while he was incarcerated at the Defendants' facility.

In mid-June 2020, Plaintiff was in his housing yard and reinjured his C-spine.  Plaintiff submitted a sick call slip and notified correctional officer Sifuentez about his injury, and the pain he was suffering.

Correctional officer Sifuentez immediately called Defendants, and Defendants denied Plaintiff treatment even though he injured his spine.  Plaintiff waited approximately three to four days before being seen.  The registered nurse told Plaintiff that he would be receiving pain medication that same night and would schedule Plaintiff for x-ray, noting that an MRI might be necessary.

The following day the x-ray technician went to Plaintiff's housing unit.  However, Plaintiff was not on the x-ray list, per the x-ray technician and correctional officer Lawrence.  Further, Plaintiff was never given or prescribed any kind of medication.

The next time that the abovementioned registered nurse went to Plaintiff's housing unit, the nurse said that he put in the prescription and x-ray for Plaintiff.  However, the decision was at the discretion of nurse "Debbie."  Plaintiff was advised to submit consecutive sick calls until Debbie decided to provide medication and x-rays.

Plaintiff submitted multiple sick call slips before he was seen by a female nurse.  The nurse took Plaintiff's vitals, and told Plaintiff that she had no record of Plaintiff being seen before for the instant injury and would not put in for an x-ray or medication.

Since the re-injury, Plaintiff uses a towel wrapped around his neck at times to relieve some of the pain.  However, there is constant pain in the area in which Plaintiff had surgery and when Plaintiff lays down, extreme pain occurs over night and grinds in the C-spine causing loud popping.

Plaintiff submitted another sick call the day after because he never received medication or x-rays.

On July 2, 2020, correctional officer Lawrence saw Plaintiff in pain and specifically asked Plaintiff, "why are they neglecting to help you?"

On or about July 3, 2020, a different female nurse answered Plaintiff's sick call, took Plaintiff's vitals, and specifically told Plaintiff that Debbie said that "she has seen enough imaging of my C-spine in the past and was not ordering any x-ray, MRI or medication.

3

Plaintiff reminded the female nurse that he had a chrono in his files about his history, and she said Debbie is not doing anything for Plaintiff.  Plaintiff continues to suffer physically and emotionally from the unreasonable negligence of Madera County Department of Corrections Health Care Provider.

As of July 9, 2020, Plaintiff has been denied any type of treatment.

### III.

### DISCUSSION

**A.      Madera County Department of Corrections Health Care Providers**

In the caption of the complaint, Plaintiff names the Madera County Department of Corrections Health Care Providers as the sole Defendant.

However, Plaintiff is advised that he cannot hold the entity liable simply because it employs the individual wrongdoers. There is no respondeat superior liability under § 1983.  That is, one is not responsible for the actions or omissions of another, such as an employee. See Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997); Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1139, 1144 (9th Cir. 2012).

Local entities, such as the Madera County Department of Correctional Health Care, is a "person" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978).

To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. See AE v. County of Tulare, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. Id. at 636-68.

Here, Plaintiff has failed to allege any specific policy, custom or practice of the municipal entity that he contends give rise to liability.  Accordingly, Plaintiff has failed to state a cognizable claim against the Madera County Department of Corrections Health Care Providers.

**B.      Fourteenth Amendment – Inadequate Mental Health Care**

"[M]edical care claims brought by pretrial detainees . . . 'arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishments Clause.' "  Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018) (citation omitted).  Therefore, "claims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard."  Id. at 1124-25.  Accordingly, "the elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.  Id. at 1125.

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case [and] [t]he mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment . . . [t]hus, the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard."  Id. (citations and internal punctuation omitted).  The Ninth Circuit has held that "the requirements for mental health care are the same as those for physical health care needs."  Doty v. Cnty. of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

Liberally construed, Plaintiff's allegations are sufficient to state a cognizable claim for deliberate indifference against Defendant nurse Debbie.  However, Plaintiff's allegations do not give rise to a cognizable claim against any of the other individuals identified in the complaint.  Indeed, mere negligence on the part of a medical professional does not give rise to a cognizable constitutional

5

1  violation.  Gordon, 888 F.3d at 1125.   In addition, as with all civil right claims, vague and conclusory

2  allegations are insufficient to state a claim under Section 1983.  See Iqbal, 556 U.S. at 678; see also

3  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (vague and

4  conclusory allegations are insufficient to state a claim under Section 1983).  Accordingly, Plaintiff

5  states a cognizable deliberate indifference claim against only Defendant nurse Debbie.

6  **IV.**

7  **CONCLUSION**

8  Based on the foregoing, the Court finds that Plaintiff has stated a cognizable deliberate

9  indifference claim against Defendant nurse Debbie.  However, Plaintiff has failed to state any other

10  cognizable claims.  Plaintiff will be granted an opportunity to amend his complaint to cure the above-

11  identified deficiencies to the extent he is able to do so in good faith.  Lopez v. Smith, 203 F.3d 1122,

12  1130 (9th Cir. 2000).

13  If Plaintiff does not wish to file a first amended complaint and he is agreeable to proceeding only

14  on the cognizable claims identified by the Court, he may file a notice informing the Court that he does

15  not intend to amend and he is willing to proceed only on his deliberate indifference claim against

16  Defendant nurse Debbie.  The Court will then recommend to the District Judge that this case only

17  proceed on the cognizable claims for the reasons discussed above.

18  If Plaintiff chooses to file a first amended complaint, that complaint should be brief, Fed. R. Civ.

19  P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's

20  constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations

21  must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555

22  (citations omitted).

23  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in

24  his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

25  complaints).

26  Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey,

27  693 F.3d at 927.  Therefore, Plaintiff's first amended complaint must be "complete in itself without

28  reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's office shall send Plaintiff a complaint form;

2.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either:

   a.     a first amended complaint curing the deficiencies identified by the Court in this order, or

   b.     a notice of his intent to proceed only on the cognizable claim identified by the Court in this order; and

3.     Plaintiff is warned that, if he fails to comply with this order, the Court will recommend to the District Judge that this action be dismissed for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated:   **July 24, 2020**

UNITED STATES MAGISTRATE JUDGE