UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS JUSTIN CUELLAR,<br><br>  Plaintiff,<br><br> v.<br><br> WELLPATH, LLC.<br><br>  Defendant. | No. 1:20-cv-00960-ADA-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(ECF No. 54) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On April 5, 2023, the parties reached a settlement agreement which was placed on the record. On April 6, 2023, the Court directed the parties to file dispositional documents within thirty days, i.e., on or before May 8, 2023. (ECF No. 45.) However, the parties failed to file the dispositional documents and an order to show cause was issued on May 9, 2023. (ECF No. 46.)

On May 10, 2023, Defendant filed a response to the order to show cause and submits following the completion of the settlement conference, the dispositional documents were sent to Plaintiff. The parties had a telephone converse in which Plaintiff discussed and addressed a typographical error. However, Plaintiff had not signed and returned the dispositional documents, and Defendant "expect[ed] that Plaintiff will follow through on his commitment to return the executed papers." (ECF No. 47.) Therefore, on May 11, 2023, the Court discharged the order to

show cause and granted the parties thirty days to submit dispositional documents. (ECF No. 48.) After no documents were filed, on June 13, 2023, the Court directed Defendant to file a status report. (ECF No. 49.)

Defendant filed a status report on June 14, 2023, indicating that counsel "has repeatedly and persistently called the plaintiff's telephone number and in each instance the call resulted in a voice mail message that here was no answer and that the voice mail message for plaintiff was full, providing no opportunity to leave a message." (ECF No. 50 at 1.) In addition, there has been no response to e-mail messages sent to Plaintiff's e-mail address. (Id.)

On June 20, 2023, the Court set the case for a status conference on July 13, 2023. (ECF No. 51.)

On July 5, 2023, the Court emailed Plaintiff the meeting id and passcode information for the hearing. (ECF No. 52.)

At the hearing on July 13, 2023, Jerome Varanini appeared on behalf of Defendant Wellpath, LLC, and Plaintiff did not appear for the hearing. Counsel Varanini indicated that the status of the case remained the same in that Plaintiff's voice mail message is still full and there has no email communication from Plaintiff, despite counsel's efforts. Consequently, on July 14, 2023, the Court issued an order for Plaintiff to show cause why the action should not be dismissed, without prejudice, for failure to prosecute. (ECF No. 54.) Plaintiff has not responded to the order to show cause and the time to do so has passed. Accordingly, dismissal of the action is warranted.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52,

1   53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
2   1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
3   complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
4   comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.
5   United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
6   with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
7   of prosecution and failure to comply with local rules).

8   "In determining whether to dismiss an action for lack of prosecution, the district court is
9   required to consider several factors: '(1) the public's interest in expeditious resolution of
10  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
11  the public policy favoring disposition of cases on their merits; and (5) the availability of less
12  drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These
13  factors guide a court in deciding what to do, and are not conditions that must be met in order for a
14  court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
15  1217, 1226 (9th Cir. 2006) (citation omitted).

16  In this instance, the public's interest in expeditious resolution of the litigation and the
17  Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine (PPA)
18  Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was ordered to respond to the order to
19  show cause within twenty days of July 14, 2023 and has not done so.  Accordingly, Plaintiff's
20  failure to comply with the order of the Court hinders the Court's ability to move this action
21  towards disposition.  This action can proceed no further without Plaintiff's compliance with the
22  order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this
23  action.

24  Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
25  rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,
26  1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of
27  dismissal.

28  The public policy in favor of deciding cases on their merits is greatly outweighed by the

factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  In order for this action to proceed, Plaintiff is required to respond to the order to show cause as this action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's July 14, 2023 order to show cause expressly stated: "Plaintiff's failure to respond to this order will result in a recommendation to dismiss the action, without prejudice, for failure to prosecute."  (ECF No. 54.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14)** days of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 21, 2023**

UNITED STATES MAGISTRATE JUDGE